## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| IN RE:<br>    **SANDRA KAY BIRCHFIELD,**<br><br>        **Debtor.** | **Case No.: 20-bk-31338-SHB**<br>**Chapter 7** |
| **JOHN P. NEWTON, JR., TRUSTEE**<br><br>        **Plaintiff,**<br>**vs.**<br><br>**DARREN SHEEDY,**<br>    **Defendant.** | **Adv Proc. #: 20-ap-3041** |

## AMENDED COMPLAINT

Comes now the Trustee/Plaintiff, and for his cause of action would show unto the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 157 and § 1334.

2. This Court has venue over the subject matter of the Complaint pursuant to 28 U.S.C. § 1409.

3. The allegations of the Complaint present core proceedings pursuant to 28 U.S.C. § 157(b)(2)(H), 157(c)(1) and/or (2) and 11 U.S.C. § 105, § 548(a)(1)(A) and(B) § 549, and §550(a).

### STATEMENT OF FACTS

4. The Debtor filed a voluntary Chapter 7 petition on or about May 21, 2020.

5. John P. Newton was appointed Chapter 7 Trustee and serves as Trustee.

6. Defendant Darren Sheedy is the ex-husband of the Debtor and resides at 1860 Old
   Sinking Creek Road, Greenback, Tennessee 37742. The Defendant is an "insider" as
   defined under 11 U.S.C. 101(31).

7. On or about August 4, 2020, the Debtor, without authority or permission from the estate
   or Court, transferred her joint interest in real property described as a house and lot located
   at 1860 Old Sinking Creek, Greenback, Tennessee 37742, see Exhibit 1.

8. The transfer was made after the Debtor determined that she had failed to quit claim that
   property to her ex-husband in the divorce and the issue was raised in her bankruptcy case
   by the Trustee.

9. The interest in the real property is an asset of the estate under § 541 of the Bankruptcy
   Code and the post-petition transfer is avoidable pursuant to 11 U.S.C. § 549 by the
   Trustee for the benefit of creditors and the estate.

10. Upon learning of the transfer and providing notice to the Defendant, Darren Sheedy,
    Darren Sheedy has refused or failed to return the property to the estate after such demand.
    See Exhibit 2.

11. The Plaintiff have such other and further relief to which he may be entitled in this case
    including the Order that the interest in the real property be returned to the estate by quit
    claim deed from Defendant Darren Sheedy and that said Defendant pay the cost of such
    transfer and any damages to the estate for failure of refusing to return estate property as
    required by law. Alternately, Order the Transfer is void and the estate is the ½ owner of
    the real property.

**WHEREFORE**, premises considered, the Trustee/Plaintiff prays as follows:

1. Summons issue and that the Defendant be required to Answer as required by law;

ˇ2ˇ

2.     That, at the Trial in this cause, the Court pursuant to 11 U.S.C. § 549 and § 550

enter an Order directing and requiring the conveyance of the real property or,

alternately, Order that the transfer was void or avoidable and the real property is

hereby divested from Defendant Darren Sheedy and vested in the estate

representative, John P. Newton, Trustee; AND

3.     That the Trustee/Plaintiff have such other relief to which he may be entitled.


**DATED** this **28th** day of **September 2020**


                                        **RESPECTFULLY SUBMITTED BY:**

                                        s/ John P. Newton, BPR # 010817
                                        s/ Richard M. Mayer, BPR # 005534
                                        Law Offices of MAYER & NEWTON
                                        Attorneys for Trustee/Plaintiff
                                        1111 Northshore Drive, Suite S-570
                                        Knoxville, Tennessee 37919
                                        (865) 588-5111 Telephone
                                        mayerandnewton@mayerandnewton.com